**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4415

SIRR JANERIO WRIGHT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-95-194)

Submitted: November 19, 1996

Decided: January 27, 1997

Before MURNAGHAN, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John O. Venner, Virginia Beach, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Kevin M. Comstock, Assistant United
States Attorney, Yvonne D. Jones, Third Year Law Student, Norfolk,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Sirr Janerio Wright pled guilty to possession of cocaine base with intent to distribute. He appeals the denial of his motion to suppress evidence of crack cocaine recovered from his bag pursuant to an encounter with interdiction officers in Norfolk's Trailways Bus Station. We affirm.

Wright first contends that the district court erred in concluding that his encounter with the police officers was not a seizure. We review a district court's determination as to whether a seizure has occurred for clear error. See United States v. Wilson, 953 F.2d 116, 121 (4th Cir. 1991).

Not all police-citizen encounters amount to seizures within the meaning of the Fourth Amendment. See Florida v. Bostick, 501 U.S. 429, 433-34 (1991) (noting that a seizure does not occur simply because a police officer approaches an individual and asks a few questions). A seizure of the person takes place only when the officer, by means of physical force or show of authority, restrains the liberty of a citizen in such a way that a reasonable person would believe he was not free to terminate the encounter. See California v. Hodari D., 499 U.S. 621, 626-29 (1991). As a result, the Supreme Court has determined that certain consensual encounters are not seizures, holding that "even when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual, ask to examine the individual's identification, and request consent to search his or her luggage, as long as the police do not convey a message that compliance with their requests is required." Bostick, 501 U.S. at 434-35 (citations omitted).

Officer Alexander approached Wright in a public place, identified himself, and asked him some general questions. Wright's path was not blocked, Alexander and his partner's weapons were concealed, and the conversation occurred in calm, casual tones. Alexander explained his purpose in initiating the encounter and requested permission to search Wright's person and bag. Under these circum-

2

stances, we find that a reasonable person would believe that he was free to terminate the encounter.

Wright next contends that even if there was no seizure, the district court erred in concluding that Wright voluntarily consented to a search of the bag. To determine whether Wright voluntarily consented to the search, we must examine the totality of the circumstances. See United States v. Rusher, 966 F.2d 868, 877 (4th Cir.), cert. denied, 506 U.S. 926 (1992). Among other things, we consider Wright's age, intelligence, and education, see United States v. Mendenhall, 446 U.S. 544, 558 (1980); the extent to which Wright cooperated with the police, see United States v. Smith, 30 F.3d 568, 571 (4th Cir.), cert. denied, 115 S.Ct. 604 (1994); and the circumstances surrounding the encounter, including the conduct of the police, see United States v. Bueno, 21 F.3d 120, 126-27 (6th Cir. 1994). In addition, although such consent must be voluntary, it is not necessary that Wright knew he had the right to refuse consent. See Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973).

After viewing the totality of the circumstances, we find Wright voluntarily consented to the search of his bag. While Wright was only twenty years old at the time of the encounter and had a ninth grade education, he already had two drug convictions and was not a novice at dealing with the police. Wright cooperated fully with the police during the encounter and responded affirmatively to Alexander's request to search his bag and his person.* Moreover, the officers spoke to Wright in a normal tone, did not touch him, and did not display weapons.

Finally, Wright maintains that a convicted felon carrying illegal narcotics is highly unlikely to consent to a search of his bag. The district judge found, however, that Wright consented to the search of the bag thinking that the police would not look inside the peanut butter jar where the drugs were found. The judge's conclusion is supported by the record and makes basic sense.

_____

*While Wright claims he never consented to the search of the bag, the district court resolved that credibility dispute in favor of the officers, citing Wright's status as a convicted felon and his highly incredible story that an unknown individual gave him the crack cocaine on the bus.

3

Accordingly, we conclude that the district court properly denied Wright's motion to suppress and we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4